## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ERIC BOWERS,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>LAW OFFICE OF DANIEL E. STUART, P.A.<br><br><u>Serve</u>:<br>Registered Agent, Daniel E. Stuart<br>4707 College Boulevard, Suite 208<br>Leawood, KS 66211<br><br>and<br><br>DANIEL E. STUART<br><br><u>Serve at</u>:<br>4707 College Boulevard, Suite 208<br>Leawood, KS 66211<br><br>　　　　　Defendants. | **JURY TRIAL DEMANDED**<br><br>Case No. 2:19-CV-2623 |

### COMPLAINT FOR COPYRIGHT INFRINGEMENT
(INJUNCTIVE RELIEF DEMANDED)

COMES NOW Plaintiff Eric Bowers ("Plaintiff"), by and through undersigned counsel, and hereby states for his Complaint against defendants, Law Office of Daniel E. Stuart, P.A. ("Law Office") and Daniel E. Stuart ("Stuart" and collectively referred to herein with Law Office as "Defendants"), as follows:

### SUMMARY OF THE ACTION AND PARTIES

1.　　Plaintiff brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Plaintiff's original, copyrighted works of authorship.

2. Plaintiff's Work (as defined herein) is part of his portfolio that depicts architectural structures in the Kansas City metropolitan area. Plaintiff has worked on the portfolio that contains the Work for more than a decade and Plaintiff's photography is sought after by architects, magazines, builders, and other professionals.

3. To create the Work, Bowers used professional-grade photography equipment that he purchased for thousands of dollars.

4. To create the Work, Plaintiff invested many hours of his professional time.

5. Plaintiff is well-paid for the Work. The minimum fee for the time and a use-limited license of the Works that Defendants used without permission in this case is more than $1,000 per individual image for a licensee who wishes to use the image nationally.

6. Upon information and belief, Law Office is a Kansas professional association with its registered office located within this district in Johnson County, Kansas. Upon information and belief, Law Office provides legal services to individuals in both Kansas and Missouri.

7. Upon information and belief, Stuart resides or can be found within this district in Johnson County, Kansas. Stuart is the owner and director of Law Office. Upon information and belief, Stuart directed, controlled, supervised and approved Law Office's activities that are the subject of this Complaint and had a direct financial interest in the use of Plaintiff's copyrighted Work without permission or payment.

8. Defendant Stuart owns, controls, and/or operates Law Office, which is located at 4707 College Boulevard, Suite 208, Leawood, Kansas. *See* **Exhibit 1**, from Defendants' website.

9. At all times relevant, Law Office was Stuart's agent and acted with Stuart's express consent, knowledge, and permission.

10. Upon information and belief, Stuart directly profited from Defendants' use of Plaintiff's Work.

11. Upon information and belief, Defendants copied Plaintiff's copyrighted Work from the internet in order to advertise, market and promote their business activities in Kansas and Missouri. Defendants committed the violations alleged in connection with Defendants' business for purposes of advertising and promoting sales to the public in the course and scope of Defendants' business.

## JURISDICTION AND VENUE

12. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

13. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

14. Plaintiff is an individual who resides in Wyandotte County, Kansas.

15. Upon information and belief, Law Office is a Kansas professional association with its registered office located within this district in Johnson County, Kansas.

16. Upon information and belief, Stuart is a natural person who resides or can be found within this judicial district as set forth above.

17. Defendants are subject to personal jurisdiction in this Court because Law Office is a Kansas entity which transacts business within the state of Kansas and Stuart resides or can be found in Kansas and specifically within this district. Moreover, upon information and belief, Defendants committed the alleged copyright infringement within Kansas to promote their

business within Kansas and specifically within this judicial district, as well as the Kansas City metropolitan area. Also, Plaintiff is a resident of this District and suffered damage in Kansas, specifically within this judicial district.

18. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because Defendants reside or can be found in this judicial district.

**THE COPYRIGHTED WORK AT ISSUE**

19. In or about 2017, Plaintiff created a photograph entitled "kanssas_city_skyline_panorama" which is shown below and referred to herein as the "Work." The Work depict downtown Kansas City where Defendants market their business:



20. Plaintiff registered the Work with the Register of Copyrights on March 29, 2017 and was assigned the registration number "VA 2-034-612". The Certificate of Registration for the Work is attached hereto as **Exhibit 2** and is incorporated herein by reference.

21. The Work is an artistic rendering of the downtown Kansas City area. To create the work, Plaintiff took a series of photographs and digitally edited and retouched lighting and "special effects" in the photo to create the final copyrighted image.

4

22. For example, Plaintiff employed special artistic skill to make the buildings appear to "glow" in the dusk, and to make the downtown skyline appear bright and colorful, despite minimal lighting.

23. At all relevant times, Plaintiff was the owner of the copyrighted Work at issue in this case.

### INFRINGEMENT BY DEFENDANTS

24. Defendants have never been licensed to use the Work at issue in this action for any purpose.

25. On a date after the Work at issue in this action was created and registered, but prior to the filing of this action, Defendants copied the Work.

26. Defendants copied Plaintiff's copyrighted Work without Plaintiff's permission.

27. After Defendants copied the Work, they made further copies and distributed the Work on the internet to promote the sale of legal services as part of their business

28. Specifically, Defendants placed the Work on "www.stuartlaw.net" (the "Website"), a website that Defendants owned, controlled, and operated.

29. Defendants' display of the Work was repeated and continuous.

30. Defendants displayed the work to market their business.

31. Defendants displayed the Work beginning in November of 2017.

32. Defendants' display of the Work is captured on their website in the following screenshot:



33. Defendants copied and distributed Plaintiff's copyrighted Work in connection with Defendants' business for purposes of advertising and promoting Defendants' business, and in the course and scope of advertising and selling Defendants' legal services.

34. Plaintiff's Work is protected by copyright, but is not otherwise confidential, proprietary, or trade secrets.

35. Defendants committed copyright infringement of the Work as evidenced by the screenshot exhibits attached hereto.

36. Plaintiff never gave Defendants permission or authority to copy, distribute, or display the Work at issue in this case.

37. Plaintiff notified Defendants of the allegations set forth herein on January 8, 2019 and has attempted to settle the matter amicably and for a minimum expense with Defendants

since that time by sending communications on January 16, 2019, January 23, 2019, February 13, 2019, and August 29, 2019.

38. Defendants have refused to respond to Plaintiff's resolution attempts, and did not remove the photos for at least a month after Plaintiff provided notice of Defendant's copyright infringement.

39. The foregoing refusal to remove the photographs even after multiple notifications of Defendants' infringement demonstrates that Defendants' infringement is willful and malicious.

40. Plaintiff has engaged the undersigned attorneys and has agreed to pay them a reasonable fee.

## COUNT I
## COPYRIGHT INFRINGEMENT

35. Plaintiff incorporates by reference all prior paragraphs of this Complaint as if such were fully set forth herein.

36. Plaintiff owns a valid copyright in the Work at issue in this case.

37. Plaintiff registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

38. Defendants copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Plaintiff's authorization in violation of 17 U.S.C. § 501.

39. Defendants performed the acts alleged in the course and scope of their business activities.

40. Plaintiff has been damaged.

41. The harm caused to Plaintiff has been irreparable.

WHEREFORE, Plaintiff Eric Bowers prays for judgment against Defendants, jointly and severally, such that:

a. Defendants and their agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. § 501;

b. Defendants be required to pay Plaintiff his actual damages and Defendants' profits attributable to the infringement, or, at Plaintiff's election, statutory damages as provided in 17 U.S.C. § 504;

c. Plaintiff be awarded his attorneys' fees and costs of suit under the applicable statutes sued upon; and

d. Plaintiff be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

Respectfully Submitted,

**ROSS & VOYTAS, LLC**

/s/ Richard A. Voytas, Jr.
_____
Nathan E. Ross, Kansas Dist. Court #78802
nate@rossvoytas.com
Richard A. Voytas, Jr., Kansas Dist. Court #78770
rick@rossvoytas.com
12444 Powerscourt Drive, Ste 370
St. Louis, MO 63131
Phone: (314) 394-0605
Fax:    (636) 333-1212

Attorneys for Plaintiff Eric Bowers